FILED
2018 Oct-05 PM 02:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **JOSEPH R. DICKEY,** | ) |
| Movant/Defendant, | ) |
| | ) |
| vs. | ) Case Numbers: |
| | ) 7:07-cv-8006-CLS-SGC |
| | ) 7:05-cr-0321-CLS-SGC |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Joseph R. Dickey was sentenced by this court on February 27, 2006, to 1,620 months (or 135 years) of imprisonment following his pleas of guilty to the following federal offenses: *i.e.,* one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B); one count of transporting child pornography, in violation of 18 U.S.C. § 2252A(a)(1); six counts of traveling in interstate commerce for the purpose of engaging in sexual acts with a minor, in violation of 18 U.S.C. § 2423(b); and one count of conspiracy to produce child pornography, in violation of 18 U.S.C. § 2251(a).[1]

---

[1] *See* doc. no 35 in case no. 7:05-cr-00321-CLS-SGC (Judgment in a Criminal Case (For Offense(s) Committed on or After November 1, 1987)).

Dickey appealed his conviction and sentence, but the Eleventh Circuit Court of Appeals entered an order on October 12, 2006, dismissing the appeal due to a valid appeal waiver contained in Dickey's plea agreement.[2] Dickey then filed a motion on February 20, 2007, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[3] He contended that: he was actually innocent of the charges against him; the government breached his plea agreement; his guilty plea was not voluntarily, intelligently, and knowingly made; his trial and appellate counsel provided constitutionally ineffective assistance; the government's prosecution of him was malicious; he had been subjected to cruel and unusual punishment; the delay in prosecuting his case denied him due process; his appeal waiver was null and void; and, some of the evidence used against him was obtained by unlawful means.

Following an evidentiary hearing, United States Magistrate Judge Paul W. Greene recommended that Dickey's § 2255 petition be denied.[4] Dickey objected to the Magistrate Judge's report and recommendation,[5] but following a review, this court overruled those objections and denied Dickey's § 2255 motion on September 30,

---

[2] Doc. no. 58 in case no. 7:05-cr-0321-CLS-SGC (Eleventh Circuit Order).

[3] Doc. no. 1 in case no. 7:07-cv-8006-CLS-SGC; doc. no. 59 in case no. 7:05-cr-00321-CLS-SGC.

[4] Doc. no. 67 in case no. 7:07-cv-8006-CLS-SGC (Magistrate Judge's Findings and Recommendation Following Evidentiary Hearing).

[5] Doc. no. 72 in case no. 7:07-cv-8006-CLS-SGC (Petitioner's Objections to Magistrate Judge's Finding and Recommendations).

2010.⁶ Dickey appealed that decision, and the Eleventh Circuit affirmed this court's dismissal order on November 29, 2011.⁷

Dickey then filed a motion pursuant to Federal Rule of Civil Procedure 60(b)(6) to set aside the final judgment entered against him, and to reopen his § 2255 proceedings.⁸ This court denied the motion,⁹ and Dickey appealed, but the Eleventh Circuit entered an order on October 28, 2014, denying Dickey's motion for a certificate of appealability.¹⁰

Dickey filed a second motion to set aside the final judgment and reopen his § 2255 proceedings on January 14, 2015.¹¹ This court denied that motion on September 29, 2015.¹² Dickey appealed, and the Eleventh Circuit again denied Dickey a certificate of appealability on July 19, 2016.¹³ Dickey appealed to the United States

---

⁶ Doc. nos. 82 & 83 in case no. 7:07-cv-8006-CLS-SGC (Memorandum Opinion and Final Judgment).

⁷ Doc. no. 92 in case no. 7:07-cv-8006-CLS-SGC (Mandate of Eleventh Circuit Court of Appeals).

⁸ Doc. no. 94 in case no. 7:07-cv-8006-CLS-SGC (Petitioner's Motion Pursuant to Federal Rule of Civil Procedure 60(b)(6)).

⁹ Doc. no. 101 in case no. 7:07-cv-8006-CLS-SGC (Order).

¹⁰ Doc. no. 112 in case no. 7:07-cv-8006-CLS-SGC (Order and Mandate of Eleventh Circuit Court of Appeals).

¹¹ Doc. no. 113 in case no. 7:07-cv-8006-CLS-SGC (Movant's *Pro Se* Motion to Re-Open Section 2255 Judgment Under Civil Rule 60(b)(4) and 60(b)(6)).

¹² Doc. no. 114 in case no. 7:07-cv-8006-CLS-SGC (Order).

¹³ Doc. no. 122 in case no. 7:07-cv-8006-CLS-SGC (Order and Mandate of Eleventh Circuit Court of Appeals).

Supreme Court, which denied his petition for writ of *certiorari* on February 21, 2017.[14]

The case presently is before the court on Dickey's *third* motion, filed pursuant to Federal Rule of Civil Procedure 60(b)(4) and 60(b)(6), to set aside the final judgment and reopen his § 2255 proceedings,[15] as well as his motion for a hearing on the Rule 60(b) motion.[16] Dickey makes the new argument that the Supreme Court's June 23, 2017 decision in *Lee v. United States,* – U.S. – , 137 S. Ct. 1958 (2017), should change the outcome of his claim for constitutionally ineffective assistance of counsel. He also repeats his previous arguments that he is actually innocent of the charges against him, and that the criminal judgment against him is void because he was denied due process.

Dickey insists that he is not attempting to address any determinations previously made on the merits of his § 2255 claim, and that he is not attempting to bring a new claim for relief from his conviction. Instead, he asserts, he only wants to *reopen* his previous § 2255 claim.[17] Despite that characterization, it is clear that

---

[14] Doc. no. 123 in case no. 7:07-cv-8006-CLS-SGC (Eleventh Circuit Notice and Supreme Court Order).

[15] Doc. no. 124 in case no. 7:07-cv-8006-CLS-SGC (Petitioner's Motion Pursuant [*sic*] Federal Rules of Civil Procedure Procedural Rule 60(b)(6) and Rule 60(b)(4)).

[16] Doc. no. 128 in case no. 7:07-cv-8006-CLS-SGC (Motion for a Hearing on Petitioner's 60(b) Motion).

[17] *See* doc. no. 126 in case no. 7:07-cv-8006-CLS-SGC (Clarification of and a Request for a Ruling on Petitioner's Pending Rule 60(b) Motion).

Dickey is *either* attempting to resurrect claims that already have been reviewed on appeal, *or* to assert additional § 2255 claims. Neither is permissible.

Before filing a second or successive motion pursuant to 28 U.S.C. § 2255, a prisoner must first seek an authorizing order from the applicable court of appeals — here, the Eleventh Circuit. *See* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ."); 28 U.S.C. § 2244; *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). Because Dickey has not obtained such an order from the Eleventh Circuit, and his Rule 60 motion is properly construed as a second or successive motion, Dickey cannot proceed with the Rule 60 motion.

An appropriate order will be entered contemporaneously herewith.

DONE and ORDERED this 5th day of October, 2018.

_____
United States District Judge